At this Term,
Smith, C. J.,
delivered the opinion of the Court.
1. [First objection.] The property not sufficiently described.
*188 It is clear the property must be described with certainty to a general intent. 6 G. Bacon, 71; Lawes, 57; Butler, 53. This perhaps ill on special demurrer, but it is sufficient after verdict. Defendant has avowed taking the boards. This cures the defect in the description. 2 Sellon, 254; 2 Lil. 353. (a)
2. [Second objection.] There cannot be judgment for plaintiffs on this verdict, because it does not find, as it ought, that the boards were the property of the plaintiffs, but only that they were not the property of Samuel Stevens.
Answer. This is well enough. The defendant justifies the taking as the property of Samuel Stevens. He does not plead property in a stranger, and traverse the plaintiffs’ property, as in 2 Lil. 358. The only question raised by the defendant’s plea or avowry is as to the property of Samuel Stevens, and defendant’s lawful taking as such. Plaintiffs deny the property of Samuel Stevens, and on this the parties are at issue. Defendant, by his mode of pleading, admits that, if the property be not in Samuel Stevens, he had no right to intermeddle. Defendant might have denied plaintiffs’ property, and put his defence solely on that ground; but he has not' so done. The finding of the jury is correct; they have found the matter in issue. And the pleadings are right. If they are not, they are such as the defendant chose to make them ; and he cannot complain if the plaintiffs do not prove what they have not been called on to prove. (b)
3. [Third objection.] Defendant avows taking on the 5th August. The writ is dated the 4th.
Answer. The plea may doubtless be amended at defendant’s request. But certainly it is not competent for defendant to insist on the badness of his avowry in arrest of judgment. A party shall not take advantage of his own errors in pleading. Tidd, 828..
*189 4. [Fourth objection.] The declaration in replevin does not allege property in the plaintiffs. The writ and declaration ought to allege that the goods taken were the property of plaintiffs. F. N. B. 156 ; 2 Lil. 347, 348.
Answer. The declaration may refer to the writ of replevin. 2 Lil. 853. (a) But it is a sufficient answel to say that this, though bad on demurrer, is good after verdict. Qualified property is sufficient for plaintiffs.’ 3 Wooddes. 280. In this case the pleadings put plaintiffs’ property out of the case. It is admitted by the form of pleading that judgment must be against the defendant, if the property be not in Samuel Stevens. Judgment, for plaintiffs.[1]

 See all the learning on this subject. 3 Selw. 1024; 2 Saund, 74 6, n. 1.

&) If property in Stevens had been pleaded in abatement (as it might have been), this, if found against him, would, it seems, warrant a judgment in favor of plaintiff; the question of the plaintiff’s property could not have been tried. Lawes, PL 38.

«) It is conceived this does so; it is admitted to be so by defendant’s counsel.

 I. The following descriptions in replevin have been held sufficient: —
“Six oxen.” Farwell v. Fox, 1869, 18 Mich. 166. “One white shoat, of the value of $14.” Onstatt v. Ream, 1868, 30 Ind. 259. “A box of skins and furs, marked J. Windoes, Logansport, Indiana.” Minchrod v. Windoes, 1868, 29 Ind. 288. “ The goods and chattels following, viz.: the contents of a grocery store, so called,” describing the store, and naming the person by whom the goods are “ now taken and held.” Litchman v. Potter, 1874, 116 Mass. 371. All the “ goods, stock, and fixtures in store at Johnston, at a place called Dry Brook, occupied by said L., of the value of $800, and books of account and evidence of indebtedness, showing indebtedness of persons to said Leach, of the value of $50.” Waldron v. Leach, 1870, 9 R. I. 588. “ A certain storehouse— warehouse — and the goods therein contained, being the store in Council Bluffs, in said State and County, and known and designated as the store of your petitioner.” Ellsworth v. Henshall, 1854, 4 Greene, 417.
Whether “fifteen hundred pounds of seed cotton” is a sufficient description, qucere. Hill v. Robinson, 1855, 16 Ark. 90.
“ A quantity of corn (consisting of about two hundred bushels), and a quantity of rye (consisting of about one hundred bushels),” held insufficient on demurrer. Stevens v. Osman, 1848, 1 Mich. 92.
“ Plaintiff's goods and chattels, which the defendant took and unjustly detains,” held bad, and writ quashed after appearance entered. Snedeker v. Quick, 1829, 8 Halst. (N. J.) 179.
Declaration, that defendant, in a “certain dwelling-house, took divers goods and chattels of the plaintiff.” Final judgment arrested, after *190 default, and writ of inquiry executed. Pope v. Tillman, 1817, 7 Taunt. 642.
In De Witt v. Morris, 1835, 13 Wend. 496, Nelson, J., said that the sheriff should refuse to execute a writ of replevin for “ goods and chattels, to wit, about four hundred tons of iron ore, commonly called bog ore.”
An insufficient description may be held good after avowry, or after the defendant has interposed ‘‘a claim property bond,” and kept the goods. Banks v. Angell, 1838, 7 Ad. & E. 843; Warner v. Aughenbaugh, 1826, 15 Serg. & R. 9; Ruch v. Morris, 1857, 28 Pa. St. 245.
After trial and verdict for defendant, plaintiff cannot object that the property is not described with sufficient certainty in his own declaration. Wilson v. Gray, 1839, 8 Watts, 25.
See further, as to sufficiency of description, Bkonson, J., in Root v. Woodruff, 1844, 6 Hill, 418, 423, 424; and old authorities cited in Mr. McMurtrie’s argument, 28 Pa. St. 247.
As to the sufficiency of a description in detinue, see Brown v. Ellison, 1875, 55 N. H. 556.
II. According to the views expressed by Bell, J., in Dickinson v. Lovell, 1857, 35 N. H. 9, 19, 20, the pleadings ought to have been so framed as to have resulted in an issue on the plaintiff’s property. And if such had been the issue, a verdict that the goods were not the property of S. S. would have been bad, because it did not find the issue submitted. Bemus v. Beekman, 1829, 3 Wend. 667.
But, because the plaintiff might have successfully demurred to the issue tendered by the defendant, it does not necessarily follow that the plaintiff, after prevailing on the issue thus tendered, cannot have judgment; nor is this point decided in any of the cases cited by Judge Bell, on pp. 19 and 20, in Dickinson v. Lovell.
The view of the Court in Lewis v. Clagett, as to the admission to be implied from the defendant’s pleadings, seems sustained by the following language of Wilde, C. J., in Couling v. Coxe, 1848, 6 M. G. & S. 703, 721: “ . . . A plea traversing an allegation in a declaration, although not, for all purposes nor in all events, an admission of the material allegations in the declaration which it does not traverse, yet may be considered as a conditional admission, that is, as admitting the allegation not traversed, in case the plaintiff can prove the allegation traversed; and it is certainly so treated in the case in which, on a single plea traversing a part of the declaration, where an issue is found for the plaintiff, the plaintiff has judgment — which he would not be entitled to, unless the Court considered the material allegations which were not traversed, as being admitted.”
Upon these principles, it might be said that the defendant, by his form of pleading, admitted the property to be in the plaintiffs, in case the jury should find that it was not in Stevens; and that the subsequent verdict *191 (that the property was not in Stevens) made this conditional admission absolute.
A repleador, for the immateriality of the issue, will not be granted on the motion of that party who committed the first substantial fault in pleading which occasioned the immaterial issue, and who himself tendered the issue. Here it would seem that the defendant is that party. And therefore, if the verdict is against Mm, judgment must also regularly go against him. For, as the fault in the issue commenced on his part, —his traverse being bad in law; and it being, moreover, found to be false in fact; it is deemed unreasonable to grant him the indulgence of a repleader. ’ ’ Gould, PI. c. 10, § 32.
If, upon the other hand, the plaintiffs are regarded as committing the first substantial fault in pleading, still the issue was so framed that a verdict upon it in favor of the defendant would have been decisive of the merits of the cause. Under the statute 32 H. VIII. c. 30, perhaps such an issue is “ aided by a verdict either way.” See Gould, PI. c. 10, § 31.